

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 1:03-CR-121 |
| § | |
| JOHN JASON SOLLEDER § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, John Jason Solleder, violated conditions of supervised release imposed by United States District Judge Howell Cobb. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #48) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on July 17, 2013, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

### A. Procedural History

On January 22, 2004, The Honorable Howell Cobb sentenced the defendant after he pled guilty to the offense of possession with intent to distribute a 5 grams or more, but less than 50 grams, of cocaine base, a Class B felony. The Court sentenced him to 121 months imprisonment followed by five (5) years of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing, drug treatment, financial disclosure, participation in an adult literacy program, and participation in mental health treatment (anger management).

Judge Cobb has since passed away. Accordingly, on May 13, 2008, the case was reassigned to United States District Judge Marcia A. Crone.

On January 26, 2009, the Court reduced Solleder's sentence to 97 months imprisonment pursuant to a motion for sentence reduction. The supervision terms remained the same as in the original judgment.

On July 29, 2010, the defendant completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated a mandatory condition of his supervised release by failing to notify his probation officer within seventy-two hours of being arrested or questioned by law enforcement. Specifically, the petition alleges that Mr. Solleder was arrested by the Beaumont, Texas, Police Department for Aggravated Assault With a Deadly Weapon on June 8, 2013; however, he failed to report this to the probation office until June 18, 2013.

### C. Evidence presented at Hearing

At the hearing, the Government proffered the following evidence. If the case proceeded to a contested hearing, the Government would show that on June 8, 2013, John Jason Solleder was arrested by the Beaumont Police Department for aggravated assault with a deadly weapon. However, Solleder did not report this arrest to his probation officer until June 18, 2013.

Defendant, John Jason Solleder, offered a plea of true to the allegations. Specifically, he agreed with the evidence presented and pled true to the allegation that he failed to timely notify his probation officer that he was arrested in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by failing to notify his probation officer within 72 hours of being arrested.

A violation of supervision conditions in the manner stated above constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of II and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 4 to 10 months. *See* U.S.S.G. § 7B1.4(a). However, because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is 3 years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v.*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*Pena*, 125 F.3d 285, 288 (5ᵗʰ Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by failing to notify his probation officer of his arrest within 72 hours. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, John Jason Solleder, to serve a term of **six (6) months imprisonment** with no further supervision to follow.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5ᵗʰ Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5ᵗʰ Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual

evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 19th day of July, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE